# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

(Filed: June 29, 2026)

```
* * * * * * * * * * * * * *
JOHN BUEN,                          *
                                    *        No. 21-1314V
              Petitioner,           *
                                    *        Special Master Dorsey
v.                                  *
                                    *        Attorneys' Fees and Costs
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
* * * * * * * * * * * * * *
```

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Austin Josel Egan, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 4, 2021, John Buen ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that he suffered sudden sensorineural hearing loss ("SSNHL") as a result of an influenza ("flu") vaccine he received on September 15, 2019. Petition at Preamble (ECF No. 1). On September 17, 2025, the undersigned issued her decision denying entitlement and dismissing the petition. (ECF No. 89).

On April 1, 2026, Petitioner filed a motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 93). Petitioner requests total attorneys' fees and costs in the amount of $89,379.21, representing $61,335.00 in attorneys' fees and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

$28,044.21 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants that he has incurred costs in the amount of $9.60 in pursuit of this claim. (ECF No. 94). Respondent filed his response on April 7, 2026, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Response at 2, 4. (ECF No. 95).

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART Petitioner's motion and awards a total of $86,322.06.**

## I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).  In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs

### A.      Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

### 1.  Reasonable Hourly Rates

Petitioner requests the following rates of compensation for his attorneys at Conway Homer: for Mr. Ronald Homer, $447.00 per hour for work performed in 2020 and 2021, $475.00 per hour for work performed in 2022, $500.00 per hour for work performed in 2023, $567.00 per hour for work performed in 2025, and $612.00 per hour for work performed in 2026; for Ms. Christina Ciampolillo, $537.00 per hour for work performed in 2025; for Mr. Joseph Pepper, $355.00 per hour for work performed in 2021 and $485.00 per hour for work performed in 2024; for Ms. Lauren Faga, $330.00 per hour for work performed in 2020 and 2021, $385.00 per hour for work performed on 2022, and $425.00 per hour for work performed in 2023; for Ms. Meredith Daniels, $410.00 per hour for work performed in 2022, $455.00 per hour for work performed in 2023, $485.00 per hour for work performed in 2024, $516.00 per hour for work performed in 2025, and $557.00 per hour for work performed in 2026. For paralegals, Petitioner requests between $145.00-$223.00 per hour for work performed between 2021-2026. The undersigned finds the requested rate increases for 2026 to be reasonable and shall be adopted herein.

### 2.  Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Upon review, the billing entries reveal several administrative tasks, such as preparing exhibits for filing, e-filing documents, and updating case files, which frequently displaying block billing (combining several discrete tasks into one large entry). See Fees App. Tab. A at 16, 18-20, 23, 32-34.  For example, on June 16, 2021, a paralegal billed one hour for "Draft Notice of Filing for exhibits 1 to 10 (medical records), final review of exhibits for any errors, amended exhibit cover pages to show docket number, filed pleading and exhibits electronically, updated case file with copy of pleading;" on September 5, 2024, a paralegal billed 0.70 hours to "Draft Notice of Refiling highlighted medical literature, for exhibits 63 to 77 and exhibit 79 to 83, review exhibits to [confirm] highlighting saved appropriately, filed exhibits, updated case file with copy of pleading;" and on March 31, 2026, a paralegal billed 0.2 hours to "Draft motion for attorneys' fees and costs, prep time and cost records as tabs A to D, to accompany motion, prep Petition & Counsel costs statement, filed both electronically, copies of filings saved to case file, service copies sent to DOJ via email." Id. at 11, 27, 28-29.

3

It is well established that billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, reviewing invoices, filing documents, and researching basic aspects of the Vaccine Program, "for which neither an attorney nor a paralegal should charge." Hoskins v. Sec'y of Health & Hum. Servs., No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); see also Floyd v. Sec'y of Health & Hum. Servs., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences ... preparing compact discs ... and filing documents through the CM/ECF system."); Kerridge v. Sec'y of Health & Hum. Servs., No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" are not compensated in the Vaccine Program); Silver v. Sec'y of Health & Hum. Servs., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Regarding block billing, the undersigned is cognizant that in some instances, some of these activities may be related such that one activity naturally flows into the next throughout the course of the workday. However, in this case, these entries frustrate the undersigned's ability to determine how much time was spent on a compensable task versus a time on the non-compensable, administrative task.

Second, there are instances of duplicative billing for intra-office communications and meetings[3] which is "[u]nreasonably duplicative" and "excessive." Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016) (reducing fee for "[u]nreasonably duplicative or excessive billing," which includes "attorneys billing excessively for intra office communications"). And third, several billing entries from attorneys advising or directing paralegals to complete tasks (e.g., filing documents or requests for medical records),[4] while said paralegals were billing for such tasks. See, e.g., Vinocur v. Sec'y of Health & Hum. Servs., No. 17-598V, 2020 WL 3619896, at *2 (Fed. Cl. Spec. Mstr. June 29, 2020) ("In the undersigned's

---

[3] For example, see entries dated 2/24/20 (two entries); 5/18/20; 6/29/20; 7/23/20; 10/8/20; 12/15/20; 2/2/21; 3/31/21; 4/29/21; 5/17/21; 6/7/21; 6/16/21; 8/16/21; 9/7/21; 9/30/21; 12/15/21; 10/6/22; 1/24/23. See Fees App. Tab A. This is not an exhaustive list.

[4] For example, On June 29, 2020, Ms. Faga billed for directing the paralegal to follow up on medical records: "[case memo] w[ith] [paralegal] re[garding] status of med[ical] rec[ords] collection, case status." Pet. Mot. Tab A. at 5. The next day, on June 30, 2020, the paralegal billed for following up on the medical records, "Call with William Beaumont Amy Medical Center re timeframe for release of records." Id. at 5. On October 8, 2020, Ms. Faga billed for "case meeting w[ith] [paralegal] re[garding] med[ical] rec[ords] summarization, outstanding records," and the next day, on October 9, 2020, the paralegal billed for reviewing Ms. Faga's internal memo and on October 19, 2020, the paralegal billed to request the outstanding records: "Draft medical record request letters and release forms." On June 7, 2021, Ms. Faga billed for [case meeting] with [paralegal] re[garding] status of outstanding med[ical] rec[ords] for PAR, client communication," and that same day, the paralegal billed for following up on said medical records: "calls x2 with Rober from VA Medical Center re[garding] requested certified vaccination record." Id. at 10. This continued throughout litigation.

4

experience, the time it would take an experienced attorney to direct an experienced paralegal to file a certain document (particularly *pro forma* documents drafted by the paralegal) is so negligible that it should not be billed for at all."); O'Leary v. Sec'y of Health & Hum. Servs., No. 18-584V, 2022 WL 1055352, at *2 (Fed. Cl. Spec. Mstr. Mar. 21, 2022) (reducing fees for "attorney time directing paralegals to file documents"); Buchanan v. Sec'y of Health & Hum. Servs., No. 19-1649V, 2022 WL 9931077, at *2 (Fed. Cl. Spec. Mstr. Sept. 23, 2022) (same); Foster v. Sec'y of Health & Hum. Servs., No. 17-1502V, 2020 WL 3619919, at *2 (Fed. Cl. Spec. Mstr. June 23, 2020) (reducing fees "for excessive time billed by counsel to direct paralegal activity").

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521. In this case, considering billing for clerical and administrative work, block billing, and duplicative billing, as well as previous warnings to Petitioner's firm for these billing issues,[5] the undersigned hereby find a 5% reduction to the overall fees reasonable. This results in a reduction of **$3,066.75**.[6]

Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $58,268.25.

### B. Attorneys' Costs

Petitioner requests a total of $28,044.21 in attorneys' costs, including the acquisition of medical records, postage, copies, and expert services provided by Edwin M. Monsell, M.D. for 54.25 hours of work at $500.00 per hour, totaling $27,125.00 i. See Fees App. Tab. B. T The undersigned has reviewed the requested costs and finds that rate billed by the expert is consistent with what he has been previously awarded, and the costs billed are reasonable. Accordingly, the full amount of costs shall be awarded.

Finally, pursuant to General Order No. 9, Petitioner states that personal costs were incurred in the amount of $9.60 for postage. Fees App. Tab C. Petitioner has provided adequate documentation supporting the requested costs and he is awarded the full amount requested.

---

[5] See, e.g., Brown v. Sec'y of Health & Hum. Servs., No. 22-80V, 2026 WL 1005041, at *3 (Fed. Cl. Spec. Mstr. Mar. 17, 2026); Wallace v. Sec'y of Health & Hum. Servs., No. 19-1623V, 2025 WL 3083288, at *3 (Fed. Cl. Spec. Mstr. Oct. 7, 2025).

[6] This amount is calculated as: $61,335.00 x 0.05 = **$3,066.75**.

**II.      Conclusion**

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $61,335.00 |
| (Reduction of Fees) | ($3,066.75) |
| **Total Attorneys' Fees Awarded** | **$58,268.25** |
| | |
| Attorneys' Costs Requested | $28,044.21 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$28,044.21** |
| | |
| **Total Attorneys' Fees and Costs** | **$86,312.46** |
| | |
| Petitioner's Costs Requested | $9.60 |
| (Reduction of Costs) | - |
| **Total Petitioner's Costs Awarded** | **$9.60** |

**Accordingly, the undersigned awards the following:**

**A lump sum in the amount of $86,322.06 (representing $86,312.46 for Petitioner's attorneys' fees and costs and $9.60 for Petitioner's personally incurred costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.